IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVIN JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-1044-MEF |
| | ) | [WO] |
| | ) | |
| D. T. MARSHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Alvin

James Johnson ["Johnson"], a county inmate and frequent federal litigant.   In the

complaint, Johnson complains that officials at the Montgomery County Detention Facility

allow him to list only two names on his visitation card with changes allowed each month.

*Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon initiation of this case, Johnson filed a motion for leave to proceed *in forma*

*pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).   *Application to Proceed*

*Without Prepayment of Fees - Court Doc. No. 2.*  However, 28 U.S.C. § 1915(g) directs

that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis*

if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Johnson, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Johnson v. Reese, et al.*, Case No. 2:08-CV-830-TMH-TFM (M.D. Ala. 2008), (2) *Johnson v. State of Alabama, et al*., Case No.2:09-CV-98-WHA-TFM (M.D. Ala. 2009), and (3) *Johnson v. Brooks, et al*., Case No. 2:09-CV-385-TMH-TFM (M.D. Ala. 2009).

In the instant complaint, Johnson challenges the constitutionality of the jail policy which requires that he place only two names on his visitation list - names which can be changed once a month.  After thorough review of the claim presented by Johnson, it is clear that such claim does not entitle him to circumvent the directives of § 1915(g) as the allegations made the basis of the pending complaint fail to demonstrate that Johnson was "under imminent danger of serious physical injury" at the time he filed this cause of action

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

as is required to meet the imminent danger exception to application of 28 U.S.C.§ 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to evade application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Johnson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Johnson failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Alvin James Johnson (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before December 4, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of November, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

4